MICHAEL W. FOSTER (State Bar No. 127691)
MICHAEL E. WILBUR (State Bar No. 152361)
TAMMY A. BROWN (State Bar No. 172612)
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile:  (510) 763-5952

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINICK TENERELLI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOCKHEED MARTIN SPACE SYSTEMS COMPANY, a Division of Lockheed Martin Corporation, LOCKHEED MARTIN CORPORATION, a Maryland Corporation, and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. CV 15-00012 BLF<br><br>DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT A COUNTERCLAIM FOR INJUNCTIVE RELIEF<br><br>Hearing:  January 7, 2016<br>Time:     9:00 A.M.<br>Courtroom: 3<br><br>Trial Date: April 18, 2016 |

TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2016 at 9:00 a.m. (or earlier if Defendant Lockheed Martin's accompanying Motion for Order Shortening Time is granted), in Courtroom 3 of the above-entitled Court, located at 280 South First Street, San Jose CA 95113, Defendant LOCKHEED MARTIN CORPORATION (herein "Lockheed Martin") will and hereby does move the Court to grant Defendant leave to amend its Answer to include counterclaims for injunctive relief.

This motion will be based on this Notice of Motion and Motion and accompanying

Memorandum of Points and Authorities filed herewith, the Declaration of Michael E. Wilbur filed herewith, the pleadings, records and papers filed herein, and such other and further oral and documentary evidence and legal memoranda as may be presented at or by the hearing on said Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This action was brought by Dominick Tenerelli against his former employer Lockheed Martin Corporation after Tenerelli was laid off due to a lack of funding for the work he was doing. On September 4, 2012, Tenerelli was informed that he would be laid off on November 5, 2012. Thereafter, Lockheed Martin was able to extend Tenerelli's layoff date twice because of the availability of some limited additional work. As a result, Tenerelli was not laid off until February 28, 2013.

On February 25, 2013, three days before the date of his separation, Tenerelli executed a written agreement acknowledging his obligations to protect Lockheed Martin's proprietary information and intellectual property. See Exhibit A to Proposed Counterclaim, which is attached as Exhibit 3 to Declaration of Michael E. Wilbur ("Wilbur Decl.") filed herewith. Then, on the day of his layoff, February 28, 2013, Plaintiff signed an Exit Checklist by which he represented and affirmed that he was not in possession of any Lockheed Martin company property. Exhibit B to Proposed Counterclaim, which is attached as Exhibit 3 to Wilbur Decl. But Plaintiff now admits that his representations and affirmations were false, and he breached his obligations with respect to Lockheed Martin's proprietary information.

At his deposition, Tenerelli admitted that he copied a significant portion of the contents of a Lockheed Martin computer to an external hard drive that he kept in his possession after his employment ended. Wilbur Decl., ¶ 5; Exhibit 1 to Wilbur Decl. Tenerelli also admitted that the documents and data that he copied and kept in his possession included Lockheed Martin Proprietary Information. *Id.* Tenerelli further admitted that he delivered to his counsel in this action the external

hard drive containing the documents and data that he copied. *Id.*

Since learning of Plaintiff's wrongdoing, Lockheed Martin, through its counsel, first worked diligently to gain access to the data in a form that it could be analyzed to determine its level of sensitivity. See Wilbur Decl. Then, upon determining that the data in Plaintiff's possession indeed includes very sensitive Proprietary Information, Lockheed Martin has made repeated demands that Plaintiff and his counsel (and anyone else to whom Plaintiff or his counsel have disclosed any of the documents or data that Plaintiff copied without authorization from any Lockheed Martin computer) immediately return all copies of the documents and data to Lockheed Martin, certify that all copies of the documents and data have been returned, and provide Lockheed Martin with other relevant certifications. Wilbur Decl., ¶¶ 6-8. However, Plaintiff and his counsel have refused to return the documents and data or to provide the requested certifications. Wilbur Decl., ¶ 9.

Because the actions of Plaintiff and his counsel have left Lockheed Martin no alternative but to seek judicial intervention in securing the return of its property, Lockheed Martin seeks leave to amend its Answer to allege four counterclaims for injunctive relief: 1) Breach of Contract; 2) Breach of Implied Covenant of Good Faith and Fair Dealing; 3) Conversion; and 4) Misappropriation of Trade Secrets. Each of these claims arises out of the same transaction and occurrence as the claims stated in Plaintiff's complaint, namely Plaintiff's layoff and the circumstances surrounding Plaintiff's layoff. As such, the Court should grant this motion in conformity with the strong judicial policy favoring amendment.

### III.   ARGUMENT

A.   Defendant's Request for Leave Amend Its Answer Should Be Granted

   1.   Granting Defendant's Request for Leave to File a Counter Claim Is Aligned with Strong Federal Policy Favoring Amendment of Pleadings

Federal Rule of Civil Procedure 15(a)(2) authorizes amendments to pleadings with the opposing party's written consent or leave of court. Rule 15(a)(2) expressly provides that courts should freely grant leave to amend when justice so requires. This policy is to be applied with "extreme liberality." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F3d 1109,

3

1117 (9th Cir. 2013); DCD *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). The party seeking leave to amend must show the need that leave is required. The burden is on the party opposing the motion to demonstrate that justice requires denial. *See Clarke v. Upton*, 703 F.Supp.2d 1037, 1041 (ED CA 2010); *Alzheimer's Institute of America v. Elan Corp. PLC*, 274 FRD 272, 276 (ND CA 2011). Courts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County, supra*, 708 F3d at 1117.

Here, during the course of this litigation, Lockheed Martin has become aware that Plaintiff improperly and without authorization appropriated Lockheed Martin's proprietary information for his own use. In deposition, Plaintiff admitted that prior to his layoff he intentionally copied substantially all of the contents of a Lockheed Martin computer containing Lockheed Martin's proprietary information. He then kept the misappropriated documents and data in his possession and shared it with his attorneys <u>after</u> signing written agreements acknowledging that he was prohibited from doing so and that he had returned all of Lockheed Martin's property to Lockheed Martin.

In the course of this litigation, Plaintiff produced a copy of the external hard drive onto which he copied the data. After reviewing that copy, Lockheed Martin has confirmed that the external hard drive he still has in his possession and has shared with his attorneys contains more than 1,000 files that bear markings indicating that they contain proprietary information. Lockheed Martin has also confirmed that the data Tenerelli copied, has in his possession, and has shared with his counsel includes cost, investment, design, performance, and schedule information. It not only includes Lockheed Martin's Proprietary Information, but also information that is labelled as "Export Controlled," the disclosure of which may result in violations of International Traffic in Arms Regulations.

Lockheed Martin has repeatedly demanded that Plaintiff and his attorneys return all copies of

4

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

the data that Tenerelli wrongfully took from Lockheed Martin, along with various certifications, to no avail. The actions of Tenerelli and his counsel have left Lockheed Martin no alternative but to seek judicial intervention. Therefore, Lockheed Martin should be granted leave to amend its answer to pursue its counterclaims for injunctive relief.

### 2. Judicial Economy and Fairness Dictate That All Issues Be Resolved In One Lawsuit

Justice actually requires that Lockheed Martin be granted leave to amend its answer to its counterclaims for injunctive relief, inasmuch as those counterclaims may be compulsory counterclaims.

A responding party must plead as a counterclaim any claim which at the time of responding it has against the opposing party if that claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require adding another party over whom the court cannot acquire jurisdiction. FRCP 13(a)(1)(A), (B); *In re Marshall*, 600 F3d 1037, 1057 (9th Cir. 2010); *Adam v. Jacob*, 950 F2d 89, 92 (2nd Cir. 1991); *McDaniel v. Anheuser-Busch, Inc.*, 987 F2d 298, 304 (5th Cir. 1993). While there is no single test to determine whether a claim arises out of the same transaction or occurrence, courts look to a number of factors, including, whether the issues of fact and law are largely the same for both claim and counterclaim; whether res judicata would bar a subsequent suit on defendant's claim; whether the same evidence will support or refute both the claim and counterclaim; and whether there is a logical relationship between the claim and counterclaim. *Pochiro v. Prudential Ins. Co. of America*, 827 F2d 1246, 1249(9th Cir. 1987). Although precise identity of issues and facts between the claim and the counterclaim is not required, most courts require that the counterclaim "bear a logical relationship to an opposing party's claim." *Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F3d 384, 389 (3rd Cir. 2002); *Burlington Northern R.R. Co. v. Strong*, 907 F2d 707, 711 (7th Cir. 1990); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 893 F2d 26, 29 (2nd Cir. 1990).

Here, Lockheed Martin's counterclaims for injunctive relief certainly bear a logical relationship to the claims alleged by Plaintiff in his Complaint. In this litigation, Plaintiff alleged

several causes of action which are premised on his contention that he was laid off for unlawful purposes. Lockheed Martin has since learned around the time of the layoff that forms the basis of Plaintiff's claims, he copied substantially all of the contents of a Lockheed Martin computer containing proprietary information, and he did so without authorization.

When Lockheed Martin filed its answer in this case, Plaintiff's breach of his contractual and other legal obligations had already occurred but Lockheed Martin was not aware of the breach. After Lockheed Martin became aware of the breach, it has made repeated demands that Plaintiff and his attorneys cure the breach, but those demands have been to no avail. As a result, Lockheed Martin must now seek judicial intervention to retrieve the documents and data that have been misappropriated, and justice requires that Lockheed Martin's motion for leave to amend its Answer to include counterclaims for injunctive relief.

3.  <u>Granting Leave to Amend The Answer to Include Counterclaims for Injunctive Relief Will Not Prejudice Plaintiff</u>

None of the limited exceptions recognized by the federal courts provide a basis for denying leave to amend in this case. Plaintiff can make no showing of prejudice. Plaintiffs can likewise make no showing of dilatory tactics or bad faith, as Lockheed Martin sought prompt relief by repeatedly demanding that the information be returned and that Plaintiff certify that all copies of the information had been returned. Given the liberal standard and the clear absence of any delay or bad faith on the part of Lockheed Martin any opposition by Plaintiff to Lockheed Martin's motion for leave to amend should be rejected.

///

### III. CONCLUSION

For all of the foregoing reasons, Lockheed Martin respectfully requests that this Court grant it leave to file, as an amendment to its answer, the Counterclaim for Injunctive Relief that is attached as Exhibit 3 to the Wilbur Declaration filed herewith.

Respectfully submitted,

Dated: September 14, 2015

FOSTER EMPLOYMENT LAW

/S/

MICHAEL W. FOSTER
MICHAEL E. WILBUR
TAMMY A. BROWN
Attorneys for Defendant
Lockheed Martin Corporation

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

7

DEFENDANT'S NOTICE OF MOTION
AND MOTION FOR LEAVE TO AMEND ANSWER TO
ASSERT A COUNTERCLAIM FOR INJUNCTIVE RELIEF

CASE NO. C08-05186CW