# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

---o0o---

DOMINICK TENERELLI,
Plaintiff,
and
LOCKHEED MARTIN SPACE SYSTEMS COMPANY, A DIVISION OF LOCKHEED MARTIN CORPORATION, LOCKHEED MARTIN CORPORATION, A MARYLAND CORPORATION, AND DOES 1 THROUGH 20, INCLUSIVE,
Defendant.

No. CV 15-00012 BLF

Deposition of

DOMENICK TENERELLI

Tuesday, May 12, 2015

DOUCETTE & ASSOCIATES
1219 MARIN STREET
VALLEJO, CALIFORNIA 94590
(707) 554-9970

Reported by: KATHRYN S. SWANK, C.S.R. 13061, RPR

So I'm asking. 12:26:45

All or part of the contents of a computer that you copied to a drive. Does that make sense? 12:26:47 12:26:52

A Yes. 12:26:59

Q Does that sound right? 12:26:59

A Yes. 12:27:00

Q Okay. Okay. 12:27:01

What computer is that, or was that? 12:27:02

A That was a Lockheed Martin computer. 12:27:06

Q Okay. And when did you do that? 12:27:07

A The major portion of it was done probably prior -- a little bit before leaving. 12:27:19 12:27:27

Q Okay. So at the -- at the end of your employment, you had an office somewhere in Sunnyvale. 12:27:30 12:27:36 12:27:42

A Yes. 12:27:43

Q Okay. And you had a computer. Did you just have one computer in that office? 12:27:45 12:27:48

A Yes. 12:27:51

Q Okay. And that's the computer that you copied -- was it some or all of the contents of that computer? 12:27:51 12:27:56 12:28:02

A I don't know if it was all but a lot of the contents. 12:28:02 12:28:04

Q Okay. And that was relatively -- a 12:28:05

A I don't know. Probably a lot of it. I'm not sure exactly when you say "all." You know, it's difficult to say, all. 12:29:22 12:29:23 12:29:26

Q All right. Okay. 12:29:27

But at least a significant portion of the contents of that computer -- 12:29:28 12:29:31

A That's true. 12:29:33

Q -- you copied to the external drive. 12:29:34

A Yes. 12:29:37

Q Okay. Now let me shift gears a little bit. Because when -- when the data that your counsel made available to me, in connection with this case, was made available to my office, it was delivered to us by a Dropbox link. Are you aware of that? 12:29:37 12:29:40 12:29:44 12:29:47 12:29:51

A (Witness shakes head.) 12:29:56

Q Okay. Wouldn't imagine that you would be. 12:29:57

You delivered data or -- data to your counsel by giving her a copy of this -- 12:29:59 12:30:05

A Yes. 12:30:09

Q -- external drive, right? 12:30:09

A Yes. 12:30:13

Q So on that -- the data that was delivered to me included what I was told was data that had been copied or backed up from a computer. 12:30:13 12:30:16 12:30:19

A Yes. 12:30:21

transferred from your Lockheed Martin computer to that external drive were, in fact, propriety information, right? 12:36:59 12:37:02 12:37:07

A Yes. 12:37:08

Q And you made no effort to -- you made no effort to not copy propriety information, right? 12:37:08 12:37:13

A Correct. 12:37:20

Q Okay. 12:37:20

A Yes. 12:37:20

Q And you understood -- didn't you understand, at the time, that you were not supposed to do that? In other words, you were not supposed to copy to an external drive and take with you Lockheed Martin propriety information. 12:37:21 12:37:24 12:37:28 12:37:32 12:37:35

MS. GOMERMAN: Vague and ambiguous. Compound. 12:37:38 12:37:38

You can answer if you understand. 12:37:39

THE WITNESS: What was that comment you made? 12:37:42

MS. GOMERMAN: I said vague and ambiguous and it's compound. 12:37:44 12:37:44

But you can understand -- if you understand what he's asking you, you can answer. If not, you can ask him to rephrase. 12:37:47 12:37:49 12:37:52

THE WITNESS: Rephrase that. 12:37:56

BY MR. WILBUR: 12:37:56
Q So when you -- on that day that you copied most of the contents of your Lockheed Martin computer to the external drive -- 12:37:57 12:37:58 12:38:02
A Um-hmm. 12:38:06
Q -- you copied items that were -- that you knew to be propriety information. 12:38:06 12:38:11
A That's correct. 12:38:14
Q And you also knew, at that time, that you were not supposed to copy to an external drive and take with you Lockheed Martin propriety information. 12:38:14 12:38:18 12:38:23
A In all likelihood, yes. 12:38:25
Q Okay. So knowing that, knowing that you were not supposed to do that, why did you do it? 12:38:29 12:38:30
A Because a lot of things that are on there, that people put on there for ITAR or propriety are questionable whether or not they should be. 12:38:33 12:38:36 12:38:43
Q Okay. 12:38:45
A Now, that doesn't necessarily -- what I did is acceptable. But that there's -- there's a lot of people who were so worried about that they put Lockheed propriety on everything. And then I also saw Lockheed send out material to -- that was deemed Lockheed Martin proprietary that we sent. I got to be careful. Now, how -- what we did on some of our 12:38:46 12:38:48 12:38:57 12:39:02 12:39:06 12:39:15 12:39:18

PRODUCED PURSUANT TO PROTECTIVE ORDER

LOCKHEED MARTIN

September 4th, 2012

To: Domenick Tenerelli, 110420

Re: Notification pursuant to the Federal and California Worker Adjustment and Retraining Notification Acts (WARN)

As a result of a more constrained business climate, the changing nature of our work across Lockheed Martin Space Systems Company (SSC) and increased pressures on resources, SSC must permanently layoff a number of employees in the Bay Area. We regret to inform you that you have been identified as an employee who is subject to be included in the layoff. The company is providing WARN notifications to a larger number of employees than we ultimately expect to layoff. This broad notification is necessary, however, to meet our legal obligations as we move forward in finally determining the programs, functions and individuals who will be affected.

We encourage you to pursue other job opportunities within Lockheed Martin. You may view and apply for positions through LM Careers located on LM People. Except for hourly bargaining employees whose bumping rights are governed by seniority provisions contained in the collective bargaining agreement, employees do not have bumping rights. Some salaried employees may however, displace others as a result of the reduction in force (RIF) process used at SSC. If you are unable to secure another position within the Company, your scheduled date of termination is November 5th, 2012. You will be notified if this date changes.

Lockheed Martin offers severance benefits and transition programs (including outplacement services) to affected employees. It is our hope that these programs will lessen the impact on individual employees and on the community as a whole. You are encouraged to use the career transition services through the North Valley (NOVA) Job Training Consortium, 505 W. Olive Avenue, Suite 550, Sunnyvale, CA 94086. Their counselors may be reached at (408) 730-7232.

You will be receiving additional information on your severance eligibility and benefits closer to the layoff date. It is important to remember that under the Lockheed Martin Severance Plan, you will lose eligibility for severance if you refuse an offer for a position, unless either 1) the offered position is further than, and more than 50 miles from, your current place of residence, or 2) the offered position would be a decrease of more than 15% of your current base pay. More information on the Salaried Severance Plan and the Summary Plan description are available on line at: https://hrss.external.lmco.com/hrss/benefits/SPD2.html or LMPeople>Policies and Procedures>CPS 528, Severance. In addition, there is a share point with resources for employees at: https://sp1.ast.lmco.com/SSC-HR-Info/employees/default.aspx.

For further information, you may contact Jennifer Kaplan, 303-971-8505 or me.

EXHIBIT 1 Tenerelli 5/12/15 KSS

Very truly yours,

Received,

Samuel Valenti
Lockheed Martin Space Systems Company

Domenick Tenerelli Date

Lockheed Martin Proprietary Information

Lockheed Martin Space Systems Company
1111 Lockheed Martin Way, Sunnyvale, CA 94089

LOCKHEED MARTIN

November 2, 2012

To: Domenick Tenerelli

Re: Extension of Prior WARN Notice

On September 4th, 2012, you received a layoff notice informing you that your Lockheed Martin employment would terminate on November 5th, 2012. Because the Company has continuing work for you, your layoff will not be necessary until January 2nd, 2013. Accordingly, your employment will be terminated on January 2nd, 2013, unless you receive notice of a further extension. As stated in your WARN letter, the company is providing WARN notifications to a larger number of employees than we ultimately expect to layoff. This broad notification is necessary, however, to meet our legal obligations as we move forward in finally determining the programs, functions and individuals who will be affected.

The remainder of the information in your November 4th, 2012 letter remains the same. We hope you will continue to seek job opportunities within Lockheed Martin. We remind you that under the Lockheed Martin Severance Plan, you will lose eligibility for severance if you refuse an offer for a position, unless either 1) the offered position is further than, and more than, 50 miles from your current place of residence, or 2) the offered position would be a decrease of more than 15% of your current base pay.

You will be receiving additional information on your severance eligibility and benefits closer to the layoff date.

For further information you may contact Jennifer Kaplan at 303-971-8505.

Very truly yours,

Received,

Samuel R. Valenti
Lockheed Martin Space Systems Company

Domenick Tenerelli Date

EXHIBIT
2 Tenerelli
5/12/15 KSS

Lockheed Martin Proprietary Information

Lockheed Martin Proprietary Information

Lockheed Martin Space Systems Company
1111 Lockheed Martin Way, Sunnyvale, CA 94089

LOCKHEED MARTIN

December 19th, 2012

To: Domenick Tenerelli

Re: Extension of Prior WARN Notice

On September 4th, 2012, you received a layoff notice informing you that your Lockheed Martin employment would terminate on November 5th, 2012. On November 2nd, you received a WARN extension notice informing you that your Lockheed Martin employment date will be January 2nd, 2013. Because the Company has continuing work for you, your layoff will not be necessary until February 28th, 2013. Accordingly, your employment will be terminated on February 28th, 2013, unless you receive notice of a further extension. As stated in your WARN letter, the company is providing WARN notifications to a larger number of employees than we ultimately expect to layoff. This broad notification is necessary, however, to meet our legal obligations as we move forward in finally determining the programs, functions and individuals who will be affected.

The remainder of the information in your September 4th, 2012 letter remains the same. We hope you will continue to seek job opportunities within Lockheed Martin. We remind you that under the Lockheed Martin Severance Plan, you will lose eligibility for severance if you refuse an offer for a position, unless either 1) the offered position is further than, and more than, 50 miles from your current place of residence, or 2) the offered position would be a decrease of more than 15% of your current base pay.

You will be receiving additional information on your severance eligibility and benefits closer to the layoff date.

For further information you may contact Jennifer Kaplan at 303-971-8505.

Very truly yours,

Samuel R. Valenti
Lockheed Martin Space Systems Company

Received,

Domenick Tenerelli 20 Dec 2012
Date

EXHIBIT 3 Tenerelli 5/12/15 KSS

Lockheed Martin Proprietary Information

# EXHIBIT 2

FOSTER employment law

May 4, 2015

VIA EMAIL

Tanya Gomerman
Law Offices of Tanya Gomerman
601 Van Ness Avenue, Suite 2052
San Francisco, CA 94102
attorneytanya@gmail.com

Re: Dominick Tenerelli v. Lockheed Martin Corporation
U.S. District Court N.D. Cal., Case Number 15-00012 BLF

Dear Ms. Gomerman:

I am writing to request that you amend Plaintiff's initial disclosures to identify with the requisite specificity the documents or categories of documents and/or electronically stored information that your client has in his possession, custody, or control that he may use to support his claims.

As you know, Rule 26(a)(1)(A)(ii) requires that each party disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Plaintiff's initial disclosures dated April 10, 2015 make the very general statement that "Plaintiff's documentation in support of his claims consists of numerous documents, as well as electronically stored information, and a number of tangible things which he expects will become retrievable and produced in discovery. In addition Plaintiff expects that a significant amount of additional documentation will be forthcoming in the discovery needed to be conducted through third parties' subpoenaed and/or produced records, as well as those records and documents that remain in the exclusive custody of the Defendant presently."

This statement fails to describe with the requisite specificity the documents and electronically stored information he may use to support his claims. The Advisory Committee Notes accompanying the 1993 Amendments of Rule 26(a) explain that documents and electronically stored information must be described "sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests."

Here, it is not possible for us to identify which of the many thousands of documents that have been produced by Plaintiff actually fall into the category of documents he may use to support his claims. And the manner in which Plaintiff has produced documents only compounds the problem.

In light of the statement in the initial disclosures that "Plaintiff will produce an electronic copy of all documents in his current possession, custody, or control", we assume that the massive amount of data to which we were given access by way of the Dropbox link you provided on Monday April 13, 2014 is everything in your client's possession and it is not simply a subset of the documents that he has which he believes support one or more of his claims. Can you please confirm that our understanding of the production is correct?

And assuming that we have simply been provided with a copy of everything your client has in his possession, that production is not particularly useful since the information that was provided was not labelled in any meaningful way, and there is no way for us to tell from the production what portions of the massive production plaintiff actually believes may support his claims.

I understand that you provided us with more than 12 GB of data, with a link that was only active for 7 days and has now expired. I believe everything was downloaded by our office staff, but we have no way confirming that. And it appears that much, if not all, of that data simply represents a copy of a hard drive. Is that accurate? Moreover, some of the files cannot be opened by us, and we have no idea what they are.

All of these issues are particularly critical because we have scheduled plaintiff's deposition to begin next Tuesday, May 12. Therefore, we must insist that you promptly do all of the following: (a) amend the disclosures to sufficiently specify the documents and electronically stored information that plaintiff actually believes may support one or more of his claims, (b) provide us with a thumb drive, cd, dvd, or similar storage medium with all of the data you produced to us on April 13, and (c) tell us where, within the massive amount of data that has been produced, the items that being disclosed under Rule 26 can actually be found.

FOSTER EMPLOYMENT LAW

Sincerely,

*Michael E. Wilbur*

Michael E. Wilbur

MEW/sjs

**Mike Wilbur**

**From:** Tanya Gomerman
**Sent:** Monday, May 11, 2015 6:23 PM
**To:** Mike Wilbur
**Cc:** Tony Ricucci; Tammy Brown
**Subject:** Re: FW: Tenerelli v. Lockheed Martin

You will need to provide me with an external hard drive. I believe the computer back up is too big to put on a CD or USB. I just looked in the dropbox folder and the calendars and other documents are labeled. The only stuff that is not labeled is the computer backup. We have not looked through the entire back up on our end so we cannot prepare a list of documents contained on the back up.

Very truly yours,

Tanya Gomerman
Law Offices of Tanya Gomerman
601 Van Ness Avenue, Suite 2052, San Francisco, CA 94102
(Tel) 415-545-8608
(Fax) 855-545-8608
www.AttorneyTanya.com

The information contained in this communication is confidential material and is intended for the designated recipient only. If you are not the designated recipient, you are hereby notified that any unauthorized review, dissemination, distribution or copying of this communication, and that which is transmitted herewith, is strictly prohibited. If this communication is received by you in error, please telephone (415) 545-8608 immediately. Please note that internet communications cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. We do not accept responsibility for any errors or omissions that are present in this message, or any attachment, that have arisen as a result of e-mail transmission. This e-mail is covered by The Electronic Communications Privacy Act and is legally privileged. This transmission may also be protected under the attorney-client privilege, the attorney work product doctrine and/or other protective orders.

On Mon, May 11, 2015 at 3:07 PM, Mike Wilbur <mwilbur@fosteremploymentlaw.com> wrote:

Nothing was labelled to indicate what was what, and your description in the initial disclosures did not provide the specificity that is required. I would hate to spend valuable deposition time on figuring out what he has produced. Also, please make sure I get everything on a flash drive, cd, etc. so I know I have everything you intended to produce.

Thanks

**From:** Tanya Gomerman [mailto:attorneytanya@gmail.com]
**Sent:** Monday, May 11, 2015 6:01 PM
**To:** Mike Wilbur; Tony Ricucci
**Cc:** Tammy Brown
**Subject:** Re: FW: Tenerelli v. Lockheed Martin


The dropbox file contained numerous documents that were separate from the computer back up. Those documents included journals, emails, etc. Where you able to download those?




Very truly yours,

Tanya Gomerman
Law Offices of Tanya Gomerman
601 Van Ness Avenue, Suite 2052, San Francisco, CA 94102
(Tel) 415-545-8608

(Fax) 855-545-8608
www.AttorneyTanya.com

The information contained in this communication is confidential material and is intended for the designated recipient only. If you are not the designated recipient, you are hereby notified that any unauthorized review, dissemination, distribution or copying of this communication, and that which is transmitted herewith, is strictly prohibited. If this communication is received by you in error, please telephone (415) 545-8608 immediately. Please note that internet communications cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. We do not accept responsibility for any errors or omissions that are present in this message, or any attachment, that have arisen as a result of e-mail transmission. This e-mail is covered by The Electronic Communications Privacy Act and is legally privileged.  This transmission may also be protected under the attorney-client privilege, the attorney work product doctrine and/or other protective orders.



On Mon, May 11, 2015 at 1:23 PM, Mike Wilbur <mwilbur@fosteremploymentlaw.com> wrote:

Can you please respond to the attached.

**From:** Mike Wilbur [mailto:mwilbur@fosteremploymentlaw.com]
**Sent:** Monday, May 04, 2015 5:35 PM
**To:** 'Tanya Gomerman'
**Cc:** 'Tony Ricucci'; 'Robert Hester'; 'Ali Vaziri'; sandra savage (ssavage@fosteremploymentlaw.com); tbrown@fosteremploymentlaw.com
**Subject:** Tenerelli v. Lockheed Martin


Please see attached.


Michael E. Wilbur

Foster employment law

3000 Lakeshore Avenue

Oakland, CA 94610

510.763.1900, ext. 102

510.763.5952 (fax)

mwilbur@fosteremploymentlaw.com

This message and any attachments are sent from a law firm and are for the sole use of the intended recipient(s). This message may contain information that is confidential and privileged. If you are not the intended recipient of this message, you are prohibited from printing, copying, forwarding, or saving it. Please delete the message and attachments and notify me immediately.

**Mike Wilbur**

**From:** Tammy Brown
**Sent:** Wednesday, June 24, 2015 5:48 PM
**To:** Tanya Gomerman
**Cc:** Tony Ricucci; Ali Vaziri; Mike Wilbur; Ron Workman
**Subject:** Tenerelli v. Lockheed Martin - Plaintiff's Initial Disclosures

Hi Tanya:

I wanted to follow up on a couple of issues with Plaintiff's Initial Disclosures:

**A copy of what your office produced:** With respect our office getting a copy of all of the documents and electronic information produced as part of Plaintiff's Initial Disclosures, you indicated that a flash drive would not be large enough to hold all of the data and therefore we would need an external hard drive. How much data are we copying? That will determine the size of the hard drive. Also, how did you envision this happening? Would our office provide you with the hard drive and your office will copy everything? Or did you want our office to bring the hard drive over and that person would copy the files? (I've copied Ron Workman on this email; he is the paralegal who will be helping on this case. Yroko Drevon is no longer with the firm.)

**Complying with Rule Rule 26(a)(1)(A)(ii):** Our office previously informed you that we objected to Plaintiff's Initial Disclosures as not adequately describing the documents Plaintiff may use to support his claims. Defendant needs to be able to make an informed decision as to which documents might need to be examined and to be able to adequately frame discovery requests. As such, we reiterate our request that Plaintiff amend his disclosures to sufficiently specify the documents and electronically stored information that Plaintiff actually believes may support one or more of his claims.

Let me know if you have any questions.

Tammy

Tammy A. Brown, Esq.
Foster employment law
3000 Lakeshore Avenue
Oakland, CA 94610
(510) 763-1900 ext. 104
(510) 763-5952 (fax)
tbrown@fosteremploymentlaw.com
www.fosteremploymentlaw.com

This message and any attachments are sent from a law firm and are for the sole use of the intended recipient(s). This message may contain information that is confidential and privileged. If you are not the intended recipient of this message, you are prohibited from printing, copying, forwarding, or saving it. Please delete the message and attachments and notify me immediately.

**Mike Wilbur**

**From:** Mike Wilbur
**Sent:** Wednesday, July 01, 2015 11:52 AM
**To:** 'Tanya Gomerman'; Tammy Brown
**Cc:** 'Tony Ricucci'; 'Ali Vaziri'; 'Ron Workman'
**Subject:** RE: Tenerelli v. Lockheed Martin - Plaintiff's Initial Disclosures

Tanya,

While we appreciate you having once again provided access to the dropbox link, as I have said before, because none of the documents that you have placed in dropbox are Bates stamped or labelled and because the dropbox link is only active for 7 day, we have no way of tracking for future reference what has been produced.

I understand from your email below that two separate sets of data have been placed in dropbox by your office as plaintiff's initial disclosurs: (1) journals, notes, emails, etc., and (2) a large computer backup file.

That being the case, I have asked our paralegal, Ron Workman, who is copied on this email, to determine the size of each of these two sets of data and then provide your office with 2 separate storage devices (thumb drive, cd, dvd, external hard drive, etc.) so that your office can download onto one of those devices all of the journals, notes, emails, etc. that are being produced by plaintiff, and you can download on the second device the computer backup file.

I have asked Ron to communicate directly with you once he has the two storage devices in hand so that arrangements can be made for him to deliver those devices to your office and pick them up once you have downloaded all of the data onto the storage devices.

**From:** Tanya Gomerman [mailto:attorneytanya@gmail.com]
**Sent:** Friday, June 26, 2015 9:44 PM
**To:** Tammy Brown
**Cc:** Tony Ricucci; Ali Vaziri; Mike Wilbur; Ron Workman
**Subject:** Re: Tenerelli v. Lockheed Martin - Plaintiff's Initial Disclosures

Please see my responses below:

On Wed, Jun 24, 2015 at 2:48 PM Tammy Brown <tbrown@fosteremploymentlaw.com> wrote:

Hi Tanya:

I wanted to follow up on a couple of issues with Plaintiff's Initial Disclosures:

**A copy of what your office produced:** With respect our office getting a copy of all of the documents and electronic information produced as part of Plaintiff's Initial Disclosures, you indicated that a flash drive would not be large enough to hold all of the data and therefore we would need an external hard drive. How much data are we copying? That will determine the size of the hard drive. Also, how did you envision this happening? Would our office provide you with the hard drive and your office will copy everything? Or did

you want our office to bring the hard drive over and that person would copy the files? (I've copied Ron Workman on this email; he is the paralegal who will be helping on this case. Yroko Drevon is no longer with the firm.)

**I am resending the dropbox link. You should ask your IT person how to put everything on a harddrive.**

**https://www.dropbox.com/** REDACTED
**Password:** REDACTED
**Expiration: 7 days**

**Complying with Rule Rule 26(a)(1)(A)(ii):** Our office previously informed you that we objected to Plaintiff's Initial Disclosures as not adequately describing the documents Plaintiff may use to support his claims. Defendant needs to be able to make an informed decision as to which documents might need to be examined and to be able to adequately frame discovery requests. As such, we reiterate our request that Plaintiff amend his disclosures to sufficiently specify the documents and electronically stored information that Plaintiff actually believes may support one or more of his claims.

**I am not sure how you want us to amend the responses. We produced a very limited amount of documents (i.e. journals, notes, emails) and a large computer backup file. We have not gone through the large computer file and cannot identify which documents if any are even relevant to this case.**

Let me know if you have any questions.

Tammy

Tammy A. Brown, Esq.

Foster employment law

3000 Lakeshore Avenue

Oakland, CA 94610

(510) 763-1900 ext. 104

(510) 763-5952 (fax)

tbrown@fosteremploymentlaw.com

www.fosteremploymentlaw.com

This message and any attachments are sent from a law firm and are for the sole use of the intended recipient(s). This message may contain information that is confidential and privileged. If you are not the intended recipient

of this message, you are prohibited from printing, copying, forwarding, or saving it. Please delete the message and attachments and notify me immediately.

# EXHIBIT 3

MICHAEL W. FOSTER (State Bar No. 127691)
MICHAEL E. WILBUR (State Bar No. 152361)
TAMMY A. BROWN (State Bar No. 172612)
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile: (510) 763-5952

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINICK TENERELLI, an individual<br><br>Plaintiff,<br>vs.<br><br>LOCKHEED MARTIN SPACE SYSTEMS COMPANY, a Division of Lockheed Martin Corporation, LOCKHEED MARTIN CORPORATION, a Maryland Corporation, and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. CV 15-00012 BLF<br><br>DEFENDANT LOCKHEED MARTIN CORPORATION'S COUNTERCLAIMS FOR INJUNCTIVE RELIEF<br><br>Trial Date: April 18, 2016 |

Defendant LOCKHEED MARTIN CORPORATION, sued herein as "LOCKHEED MARTIN SPACE SYSTEMS COMPANY, a Division of LOCKHEED MARTIN CORPORATION, a Maryland Corporation" amends its answer to Plaintiff's Complaint on file herein to assert the following Counterclaims for Injunctive Relief:

**JURISDICTION**

1. This Court has supplemental jurisdiction over the counterclaims asserted herein because these counterclaims arise out of the same transaction or occurrence as the claims stated in Plaintiff's complaint (Plaintiff's layoff and the circumstances surrounding Plaintiff's layoff) and, as such, they are so related to Plaintiff's claims that they form part of the same or controversy under Article III of the United States Constitution. 28 U.S.C § 1367(a).

1

*TENERELLI V. LOCKHEED MARTIN SPACE SYSTEMS CO., ET AL.* CASE NO. CV 15-00012 BLF
DEFENDANT LOCKHEED MARTIN'S COUNTERCLAIM FOR INJUNCTIVE RELIEF

2. This Court also has original jurisdiction over the counterclaims asserted herein, pursuant to 28 U.S.C. § 1332, because the matter in controversy on these counterclaims exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. Plaintiff Domenick Tenerelli was, at the time of commencing this action, and still is, a citizen of California.

4. At the time this action was commenced, LOCKHEED MARTIN CORPORATION ("Lockheed Martin") was, and Lockheed Martin still is, a corporation organized under the laws of the State of Maryland and maintaining its principal place of business in the State of Maryland.

**GENERAL ALLEGATIONS**

5. On September 4, 2012, Plaintiff Tenerelli received a notice from Lockheed Martin informing him that he would be laid off on November 5, 2012. However, following that notice Lockheed Martin was able to extend Plaintiff's layoff date twice because of the availability of some limited additional work that could be performed by Plaintiff.

6. Plaintiff Tenerelli was laid off on February 28, 2013.

7. Three days before the date of his layoff, Plaintiff Tenerelli executed a written agreement, a true and correct copy of which is attached hereto as Exhibit A, entitled "Acknowledgment of Obligations Regarding Protection of Proprietary Information and Ownership of Intellectual Property." In the written agreement he executed on February 25, 2013, Plaintiff Tenerelli, agreed, acknowledged, and certified all of the following, among other things:

a. Plaintiff Tenerelli acknowledged his "responsibilities and legal obligations to Lockheed Martin regarding protection of Proprietary (sometimes also referred to as 'confidential') Information . . . that will continue after my employment with Lockheed Martin ceases."

b. Plaintiff Tenerelli agreed that he would not, "without Lockheed Martin's written permission, disclose to anyone outside of Lockheed Martin or use for my own benefit or the benefit of others, any Lockheed Martin Proprietary Information or Proprietary Information of others to which I have had access in the course of my employment."

c. Plaintiff Tenerelli agreed that the term "Proprietary Information" "includes any

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

technical, business, financial, human resource, or marketing information or material pertaining to or used in the operations of Lockheed Martin or its subsidiaries and affiliates, or similar information of others to which I have had access during my employment, including information that is suggested by or resulting from any task assigned to me or work performed by me for or on behalf of Lockheed Martin, that has not been made available to the general public by Lockheed Martin or by such other entities, respectively."

d. Plaintiff Tenerelli acknowledged that he understood that "my obligations not to disclose or use Proprietary Information remain in effect after the termination of my employment with Lockheed Martin . . . ."

e. Plaintiff Tenerelli agreed that "if, at any time in the future, I wish to disclose or use any such Proprietary Information or if I should be in doubt as to whether any information may be Proprietary to Lockheed Martin, I will, prior to such disclosure or use, obtain written permission from Lockheed Martin to do so."

f. Plaintiff Tenerelli certified that "all Lockheed Martin property, including all Proprietary Information and material such as drawings, notebooks, reports, computer software, and other documents, have been returned to Lockheed Martin prior to my termination."

8. On the date of his layoff, February 28, 2013, Plaintiff Tenerelli signed an Exit Checklist, a true and correct copy of which is attached hereto as Exhibit B. By signing the Exit Checklist, Plaintiff Tenerelli represented and affirmed, among other things, that "I am not in possession of any LM company property."

9. At his deposition in this action, Plaintiff Tenerelli admitted that prior to the date of his layoff he copied what he described as "a lot of the contents of" and what he admitted was a "significant portion" of the contents of a Lockheed Martin computer to an external hard drive that he kept in his possession after his employment ended.

10. At his deposition, Plaintiff Tenerelli admitted that the documents and data he copied from the Lockheed Martin computer to the external hard drive that he kept in his possession after his employment ended included Lockheed Martin Proprietary Information.

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

11. At his deposition, Plaintiff Tenerelli admitted that when he copied documents and data from the Lockheed Martin computer to the external hard drive that he kept in his possession after his employment ended, he made no effort to avoid copying and taking Lockheed Martin Proprietary Information.

12. At his deposition, Plaintiff Tenerelli admitted that he delivered to his counsel in this action the external hard drive containing the documents and data he copied from the Lockheed Martin computer and kept after his employment ended, and that his counsel made at least one copy of the documents and data.

13. When Plaintiff Tenerelli copied documents and data from the Lockheed Martin computer to an external hard drive, he did so without Lockheed Martin's permission.

14. When Plaintiff Tenerelli shared with his counsel the documents and data he copied from the Lockheed Martin to an external hard drive, he did so without Lockheed Martin's permission.

15. In the course of this litigation, Plaintiff Tenerelli, through his counsel, has provided Lockheed Martin with a copy of the external hard drive containing the documents and data he copied from a Lockheed Martin computer prior to his layoff. The copy of the data provided to Lockheed Martin by Plaintiff's counsel in July 2015 contains more than 1,000 files that indicate in the file name alone that the information is within the definition of Proprietary Information under the written agreement attached hereto as Exhibit A. The more than 1,000 files whose file names indicate that the information falls within the definition of Proprietary Information are marked with the following designations "Lockheed Martin Proprietary Information", "Third Party Proprietary Information", "Export Controlled Information," "Sensitive", "Protected Information", "High Sensitivity Contractor Proprietary Information", "Proprietary Information", "Attorney-Client and/or Work Product Privileged Information", "Lockheed Martin Private Data", "Confidential", and "Personal Information." The data that Plaintiff Tenerelli copied, has in his possession, and has shared with his counsel includes cost, investment, design, performance, and schedule information. It not only includes Lockheed Martin's Proprietary Information, but also information that is labelled as "Export

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

Controlled," the disclosure of which may result in violations of International Traffic in Arms Regulations.

16. Lockheed Martin, through its counsel, has made repeated demands that Plaintiff Tenerelli and his counsel (and anyone else to whom Plaintiff Tenerelli or his counsel have disclosed any of the documents or data that Tenerelli copied without authorization from any Lockheed Martin computer) return all copies of the documents and data to Lockheed Martin, certify that all copies of the documents and data have been returned, and provide Lockheed Martin with other certifications, including without limitation certifications necessary to ensure compliance with the restrictions that apply to the documents and data that are marked "Export Controlled." However, Plaintiff Tenerelli and his counsel have refused to return the documents and data or provide the requested certifications.

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

**FIRST COUNTERCLAIM FOR RELIEF**

(Breach of Contract)

17. Lockheed Martin realleges and incorporates herein by reference paragraphs 1 through 16 above as though fully set forth herein.

18. By copying documents and data from a Lockheed Martin computer to an external hard drive that he kept in his possession after his employment ended and by disclosing any of those documents or any of that data to others, Plaintiff Tenerelli breached his obligations under the written contract attached hereto as Exhibit A.

19. Lockheed Martin has performed all obligations to Plaintiff under the written contract that is attached hereto as Exhibit A, except for those obligations Lockheed Martin was prevented or excused from performing.

20. Lockheed Martin has been damaged as a result of Plaintiff Tenerelli's breach of his contractual obligations.

**SECOND COUNTERCLAIM FOR RELIEF**

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

21. Lockheed Martin realleges and incorporates herein by reference the allegations in paragraphs 1 through 20 above.

22. A covenant of good faith and fair dealing is implied by law into every contract.

23. By his actions described herein, Plaintiff Tenerelli breached the implied covenant of good faith and fair dealing.

24. Lockheed Martin has been damaged as a result of Plaintiff Tenerelli's breach of the implied covenant of good faith and fair dealing.

**THIRD COUNTERCLAIM FOR RELIEF**

(Conversion)

25. Lockheed Martin realleges and incorporates herein by reference the allegations in paragraphs 1 through 24 above.

26. The contents of the Lockheed Martin computer that Plaintiff Tenerelli copied to an external hard drive were the property of Lockheed Martin. .

27. Plaintiff Tenerelli intentionally and substantially interfered with Lockheed Martin's property by copying the contents of a Lockheed Martin computer to an external hard drive, keeping that external hard drive in his possession after his employment ended, disclosing the contents of that hard drive to others, and refusing to return to Lockheed Martin all of the documents and data on that hard drive.

28. Lockheed Martin did not consent to Plaintiff Tenerelli's possession of the contents of any Lockheed Martin computer after his employment ended.

29. Lockheed Martin has been damaged as a result of Plaintiff Tenerelli's conversion of Lockheed Martin's property.

**FOURTH COUNTERCLAIM FOR RELIEF**

(Misappropriation of Trade Secrets)

30. Lockheed Martin realleges and incorporates herein by reference the allegations in paragraphs 1 through 30 above.

31. The documents and data that Plaintiff Tenerelli copied from a Lockheed Martin to an external hard drive, kept in his possession after his employment ended, and has used and disclosed as described above includes one or more trade secrets.

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

32. By his conduct as described herein, Plaintiff Tenerelli has misappropriated Lockheed Martin's trade secrets in violation of the California Trade Secrets Act.

33. Lockheed Martin has been damaged as a result of Plaintiff Tenerelli's misappropriation of trade secrets.

**PRAYER FOR INJUNCTIVE AND OTHER RELIEF**

Lockheed Martin prays for judgment against Plaintiff and for injunctive and other relief against Plaintiff as follows:

1. That Plaintiff Tenerelli be ordered to turn over to Lockheed Martin each and every hard copy or electronic copy of every document that he downloaded or copied from any Lockheed Martin computer asset;

2. That Plaintiff Tenerelli be ordered to turn over to Lockheed Martin all storage devices containing any copy of any document or data that he downloaded or copied from any Lockheed Martin computer asset;

3. That Plaintiff Tenerelli be barred from using or disclosing any of the documents or data that are the subject of these counterclaims;

4. That Plaintiff Tenerelli and everyone to whom he has disclosed any of the documents or data that are the subject of these counterclaims be ordered to certify all of the following: (a) that none of the information that is the subject of this Counterclaim has been downloaded or copied to any non-Lockheed Martin computer asset (e.g., Mr. Tenerelli's personal computer assets or that of his counsel in this matter); (b) that none of the information that is the subject of this Counterclaim has been disclosed to third parties; and (c) that none of the information that is the subject of this Counterclaim has been shared with any foreign persons or in violation of the International Traffic in Arms Regulations;

///

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

5. For any other relief the Court finds just and proper.

DATED: September __, 2015 FOSTER EMPLOYMENT LAW

MICHAEL E. WILBUR
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

# EXHIBIT A



# Acknowledgement of Obligations Regarding Protection of Proprietary Information and Ownership of Intellectual Property

Form CRX-002-2 of CRX-002, Intellectual Property (June 20, 2012)

*Employee's Manager or Human Resources: Fax or mail the completed form to the Lockheed Martin Employee Service Center. Fax: 973-837-3780. Mail: Lockheed Martin Employee Service Center, P.O. Box 199731, Dallas, TX 75219-9731.*

| Employee Name (Last, First, Initial) | LMPeople ID | Date of Separation |
|---|---|---|
| Domenick J. Tenerelli | 110420 | 2/28/2013 |

This is to acknowledge my responsibilities and legal obligations to Lockheed Martin regarding protection of Proprietary (sometimes also referred to as "confidential") Information and ownership of Intellectual Property that will continue after my employment with Lockheed Martin ceases.

I am aware of my legal obligations as stated in the Agreement relating to Proprietary Information and Intellectual Property (depending on your Lockheed Martin employment location, this Agreement may carry various titles, including but not limited to "Employee Proprietary Information and Innovation Agreement," "Confidential Information Agreement," or the equivalent agreement) that I signed at the commencement of my employment with Lockheed Martin or a predecessor company and which I acknowledge by my signature below. The specific terms of that Agreement will govern my responsibilities and legal obligations, but the following is provided as a general summary:

A. I have agreed that I will not, without Lockheed Martin's written permission, disclose to anyone outside of Lockheed Martin or use for my own benefit or the benefit of others, any Lockheed Martin Proprietary Information or Proprietary Information of others to which I have had access in the course of my employment. **"Proprietary Information"** includes any technical, business, financial, human resource, or marketing information or material pertaining to or used in the operations of Lockheed Martin or its subsidiaries and affiliates, or similar information of others to which I have had access during my employment, including information that is suggested by or resulting from any task assigned to me or work performed by me for or on behalf of Lockheed Martin, that has not been made available to the general public by Lockheed Martin or by such other entities, respectively. Proprietary Information does not include general technical skills or general experience gained by me prior to or during my employment with Lockheed Martin.

B. I understand that my obligations not to disclose or use Proprietary Information remain in effect after the termination of my employment with Lockheed Martin and that if, at any time in the future, I wish to disclose or use any such Proprietary Information or if I should be in doubt as to whether any information may be Proprietary to Lockheed Martin, I will, prior to such disclosure or use, obtain written permission from Lockheed Martin to do so. I further understand that such permission may be refused where Proprietary Information of Lockheed Martin or of others is involved.

C. Any Intellectual Property, including inventions, software, and copyrightable works, made during the period of my employment that Lockheed Martin owns by virtue of my Agreement, have been disclosed in writing to the Lockheed Martin Legal Department or Lockheed Martin Management as appropriate. I recognize that I still have an obligation to execute documents and perform other reasonable acts in connection with the filing of patent applications and the exercise of other rights of Lockheed Martin in such Intellectual Property.

D. I certify that all Lockheed Martin property, including all Proprietary Information and material such as drawings, notebooks, reports, computer software, and other documents, have been returned to Lockheed Martin prior to my termination. (Specify any outstanding materials and state reason for not returning.)

**Acknowledged by Employee:**

Signature: [signature] Date: Feb 25, 2013

879 60 070 999999999

# EXHIBIT B

**EXIT CHECKLIST**

| Name | Employee LMPID | Department # | | Last Day Worked |
|---|---|---|---|---|
| Domenick Tenerelli | 110420 | 75K15 | | 2/28/2013 |

(Check one) ■Layoff ■Voluntary Term ■Transfer to Program ■Retirement ■Other

| Manager/Supervisor | Manager Phone | HRBP/LRR | HR Phone |
|---|---|---|---|
| William Reeve | 650-354-5001 | Jen Kaplan | 303-971-8505 |

**Employee must review the information below to ensure all actions are resolved prior to the Human Resources exit interview.**
**Please refer to Points of Contacts on the following page for specific questions and phone numbers**

| | | Y | N/A |
|---|---|---|---|
| **Discuss/Review with your Manager or Supervisor** | **Cancel and Destroy** Corporate Visa Credit Card: https://travel.corp.lmco.com/travel/CCA/Index1.asp | ✓ | ☐ |
| | ***Please remember that it is the responsibility of the employee to address any unpaid balances. Unpaid balances reaching 180 days past due will be charged off as unrecoverable by US Bank and will likely affect the personal credit of the employee.*** | ☐ | ✓ |
| | **Destroy** Purchasing/Procurement Card | ☐ | ✓ |
| | **Return** Facility Area Access Cards LRR or Program Issuing Authority | ☐ | ✓ |
| | **Complete** CATS or appropriate timekeeping system | ✓ | ☐ |
| **Telecommunications** | **Return** all pagers (see Page 2 for Department) | ☐ | ✓ |
| | **Return** LM Issued cell phone and Blackberry (see Page 2 for Department) | ☐ | ✓ |
| | **Destroy** AT&T Calling Card | ✓ | ☐ |
| | **All employees must** respond to the computer POC's request for info about their computer | ✓ | ☐ |
| | **Return** Secure ID Token | ☐ | ✓ |
| **Library/ Tools/ Stamps** | **Return** books, reports, manuals, etc. to Library | ☐ | ✓ |
| | **Return** LMC tools and bring email response to exit interview | ☐ | ✓ |
| | **Return** All controlled stamps identified in https://www-idsprod.ast.lmco.com/docs/stamps.html are required to be returned. | ☐ | ✓ |
| | **Return** Safety Equipment | ☐ | ✓ |
| **SCI Program Security** | **Schedule debriefing** if you have been briefed on a Program with an EBI, SBI, SSBI, with SCI Program Security for your last day worked | ☐ | ✓ |
| | **Return** all Classified Documents and/or media to Document Control | ✓ | ☐ |
| | **Return** all Program badges, access cards and identifiers to Program Security | ☐ | ✓ |
| | **Complete** SecureCom coordination | ☐ | ✓ |
| **Government Security** | **Schedule** debriefing if you currently hold Secret/Top Secret clearance (diamonds on badge), **Schedule** debriefing if you currently hold COMSEC clearance **Contact** your Security Representative ***Denver employees will turn in badge to Security and receive a temporary badge*** | ✓ | ☐ |
| | **Return** All DoD Classified Material to IMS Control Station | ✓ | ☐ |
| **Human Resources Business Partner/Labor Relations Rep (HRBP/LRR)** | Exit Interview – Salaried employees meet with HRBP; Sunnyvale represented employees meet with Manager; Denver represented employees meet with LRR; Denver employees who are not cleared will turn in badge to HRBP/LRR | ✓ | ☐ |
| | **Return** Employee Exit Interview Questionnaire to HRBP during Exit Interview (Voluntary and Transfers Only) | ✓ | ☐ |
| | **FAX** the Signed Acknowledgement of Obligations Regarding Protection of Proprietary Information and Ownership of Intellectual Property Document to the Service Center and Return original to the HRBP | ✓ | ☐ |
| | Complete Transferee Affidavit (if applicable) and return to the HRBP | ☐ | ✓ |
| **Sunnyvale Employees** | **Return** Desk/File key(s) and master keys (issued/controlled/signed for) to lock shop (bring lock shop email to exit interview) | ✓ | ☐ |
| | **Return** Emergency Kit to the ID Unit in B/141 after checklist has been completed | ☐ | ✓ |
| | **Return** Company Badge to ID Unit in B/141 after checklist has been completed | ✓ | ☐ |

By signing below, I represent that:
1) The time worked and time anticipated to be worked, as stated on the exit notification, is correct to the best of my knowledge. 2) I request and authorize the mailing of any future monies determined to be payable to me at the address on file in LMPeople 3) I affirm that I am not in possession of any LM company property. 4) If you are a participant in the Employee Choice Program, your access to the GOOD container will be terminated upon your departure. 5) I acknowledge that I have had the opportunity to report all potential violations of the LM Code of Ethics and Business Conduct, which I have come to my attention during my employment. 6) I have been notified of the Health Care Continuation (COBRA)

| Employee Signature | Date | Manager Signature | Date |
|---|---|---|---|
| Domenick Tenerelli | Feb 28, '13 | for Sam Valenti | 2/28/13 |
| **Labor Relations Representative Signature** | **Date** | **HR Business Partner Signature** | **Date** |
| N/A | | [signature] | 2/28/13 |

# EXHIBIT 4

FOSTER employment law

August 14, 2015

SENT VIA EMAIL

Tanya Gomerman
LAW OFFICES OF TANYA GOMERMAN
601 Van Ness Avenue, Suite 2052
San Francisco, CA 94102

Re: Domenick Tenerelli

Ms. Gomerman:

At his deposition, your client testified that just prior to the end of his employment at Lockheed Martin he copied onto a portable storage device what he has described as "a lot of the contents" and a "significant portion" of the contents of the computer that was assigned to him when he worked at Lockheed Martin. (See Tenerelli Deposition at pp. 99, 101.) He further admitted that when he copied the contents of his former work computer onto a storage device that he took with him when he left, he knew he was taking Lockheed Martin's proprietary information. (Tenerelli Deposition at p. 107.)

Your client's actions violated his contractual obligations and other legal obligations. (See e.g. February 25, 2013 Acknowledgment of Obligations Regarding Protection of Proprietary Information and Ownership of Intellectual Property, attached as part of Attachment C to Lockheed Martin's Mediation Brief, a copy of which was previously produced as LM 000366, as well as Exit Checklist signed February 28, 2013 and also attached as part of Attachment C to Lockheed Martin's Mediation Brief, in which your client certified that he was "not in possession of any LM company property.") Your client continues to violate his obligations by retaining possession of the data that he improperly took with him on or before his last day of employment.

Lockheed Martin recently completed a review of the data referenced in your client's deposition and produced as part of his initial disclosures. Among the files Mr. Tenerelli intentionally misappropriated were more than 1,300 data files containing one or more of the following classifications: Lockheed Martin Proprietary Information, Third Party Proprietary Information, Export Controlled Information, Confidential Information and Attorney-Client Communication and/or Work Product Privileged Information Your client's actions in copying such information from Lockheed Martin's computer and possessing it after his employment at Lockheed Martin ended is a very serious breach of his legal obligations.

Accordingly, Lockheed Martin demands that your client and each and every attorney in your firm (and anyone else who has possession of any of the information that is the subject of this letter) immediately return all of the following:

- each and every hard copy or electronic copy of every document that he downloaded or copied from any Lockheed Martin computer asset
- all storage devices containing all data that he downloaded or copied from any Lockheed Martin computer asset.

In addition, Lockheed Martin demands that your client and each and every attorney in your firm (and anyone else to whom your client has disclosed any of the information that is the subject of this letter) immediately certify the following:

- none of the information that is the subject of this letter has been downloaded or copied to any non-Lockheed Martin computer asset (e.g., Mr. Tenerelli's personal computer assets or that of his counsel in this matter),
- none of the information that is the subject of this letter has been disclosed to third parties; and
- none of the information that is the subject of this letter has been shared with any foreign persons

FOSTER EMPLOYMENT LAW

Very truly yours,

/s/

Michael E. Wilbur



August 31, 2015

SENT VIA EMAIL

Tanya Gomerman (attorneytanya@gmail.com)
Arcolina Panto (arcolinapanto@attorneytanya.com)
LAW OFFICES OF TANYA GOMERMAN
601 Van Ness Avenue, Suite 2052
San Francisco, CA 94102

Re: Domenick Tenerelli

Ms. Gomerman and Ms. Panto:

This follows up on my letter dated August 14, 2015.

In my August 14 letter, I demanded that your client and each and every attorney in your firm (and anyone else who has possession of any of the information that your client copied from any Lockheed Martin computer and then kept after his employment at Lockheed Martin ended) immediately return to Lockheed Martin all of the following:

- each and every hard copy or electronic copy of every document that he downloaded or copied from any Lockheed Martin computer asset
- all storage devices containing all data that he downloaded or copied from any Lockheed Martin computer asset.

In addition, I demanded that your client and each and every attorney in your firm (and anyone else to whom your client has disclosed any of the information that your client copied from any Lockheed Martin computer and kept in his possession after his employment at Lockheed Martin ended) immediately certify the following:

- none of the information that is the subject of this letter has been downloaded or copied to any non-Lockheed Martin computer asset (e.g., Mr. Tenerelli's personal computer assets or that of his counsel in this matter),
- none of the information that is the subject of this letter has been disclosed to third parties; and
- none of the information that is the subject of this letter has been shared with any foreign persons

More than two weeks have passed since I formally demanded return of the documents and the certifications outlined above. The documents have not been returned, nor have the certifications been provided.

Your client's, and your firm's, continued possession of documents and data that your client took without authorization and in breach of his contractual and other legal obligations to Lockheed Martin is a very serious matter. Moreover, because the documents and data that are the subject of this letter and my August 14, 2015 letter were not produced by Lockheed Martin as part of the discovery process in this case, but were instead improperly misappropriated by your client from Lockheed Martin's computers prior to the end of his employment, the existence of a Protective Order in this case does not justify, cure, or mitigate your or your client's continued wrongful possession of these items. Accordingly, I urge you to immediately comply with the demands set out in my August 14, 2015 letter.

Lockheed Martin fully intends to pursue all remedies and processes that are available to it, including without limitation the institution of separate legal proceedings for damages and/or injunctive relief, based on your client's admitted misappropriation of documents and data from Lockheed Martin's computers.

FOSTER EMPLOYMENT LAW

Very truly yours,

/s/

Michael E. Wilbur

# EXHIBIT 5



September 11, 2015

VIA EMAIL

Tanya Gomerman [*attorneytanya@gmail.com]*
Arcolina Panto [*arcolina@attorneytanya.com*]
Law Offices of Tanya Gomerman
601 Van Ness Avenue, Suite 2052
San Francisco, CA 94102

Re: Dominick Tenerelli v. Lockheed Martin Corporation
U.S. District Court N.D. Cal., Case Number 15-00012 BLF

Dear Ms. Gomerman and Ms. Panto:

Lockheed Martin intends to seek leave to file the Counterclaim for Injunctive Relief that is submitted herewith. I write to request that you stipulate to allow the filing of the Counterclaim to avoid the necessity of a motion. If you will not stipulate to allow the filing of the Counterclaim as an amendment to Lockheed Martin's Answer, our motion for leave to file the Counterclaim will be made on the grounds set out below, and we also intend to file an application to have our motion for leave to file the Counterclaim heard on shortened time.

Because Lockheed Martin intends to file its Counterclaim as an amendment to its Answer, Lockheed Martin's motion for leave to file the Counterclaim will be governed by the standards that apply to motions for leave to amend under Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that leave to amend should be "freely give[n] when justice so requires." This policy is to be applied with "extreme liberality." *Sonoma County Ass'n of Retired Employees v. Sonoma County* (9th Cir. 2013) 708 F3d 1109, 1117. The party seeking leave to amend need only establish the reason why the amendment is required and the burden is then on the party opposing leave to amend to convince the court that justice requires denial. *Alzheimer's Institute of America v. Elan Corp. PLC* (ND CA 2011) 274 FRD 272, 276. In order to meet this burden, an opposing party must have "strong evidence." *Sonoma County* 708 F3d at 1117. Here, there is no legitimate, nonfrivolous basis for opposing Lockheed Martin's motion.

*Tanya Gomerman, Esq.*
*Arcolina Panto, Esq.*
*September 11, 2015*
*Page 2 of 2*

If you will stipulate to the filing of the Counterclaim, please return a signed copy of the enclosed Stipulation and Proposed Order before the close of business today.  Otherwise, we will proceed with a motion for leave and an application to have that motion heard on shortened time.

FOSTER EMPLOYMENT LAW

Sincerely,

/s/

Michael E. Wilbur

MICHAEL W. FOSTER (State Bar No. 127691)
MICHAEL E. WILBUR (State Bar No. 152361)
TAMMY A. BROWN (State Bar No. 172612)
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile: (510) 763-5952

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

TANYA GOMERMAN (State Bar No. 271834)
TONY RICUCCI (State Bar No. 108089)
ROBERT HESTER(State Bar No. 296917)
LAW OFFICES OF TANYA GOMERMAN
601 Van Ness Avenue, Suite 2052
San Francisco, CA 94102
Telephone: (415) 545-8608
Facsimile: (855) 545-8608

Attorneys for Plaintiff
DOMINICK TENERELLI

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINICK TENERELLI, an individual<br><br>Plaintiff,<br>vs.<br><br>LOCKHEED MARTIN SPACE SYSTEMS COMPANY, a Division of Lockheed Martin Corporation, LOCKHEED MARTIN CORPORATION, a Maryland Corporation, and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. CV 15-00012 BLF<br><br>**STIPULATIONAND [PROPOSED] ORDER TO AMEND LOCKHEED MARTING CORPORATION'S ANSWER TO ASSERT COUNTERCLAIMS FOR INJUNCTIVE RELIEF** |

Defendant LOCKHEED MARTIN CORPORATION and Plaintiff DOMINICK TENERELLI (hereinafter referred to collectively as "the parties"), by and through their respective counsel of record, agree that Defendant LOCKHEED MARTIN may amend its Answer to Plaintiff's Complaint on file herein to assert Counterclaims for Injunctive Relief. Plaintiff will not oppose the

filing.

The parties further agree that good cause exists as this stipulation promotes judicial efficiency by allowing related claims to be decided in one lawsuit.

The parties also agree that this stipulation is without prejudice to Plaintiff's right to challenge the asserted claims.

Finally, the parties agree that Plaintiff has been served with the amended pleading and that Plaintiff shall have 21 days from the date this stipulation is signed by Plaintiff's counsel to file a responsive pleading.

LAW OFFICES OF TANYA GOMERMAN

DATED: September 11, 2015

TANYA GOMERMAN
Counsel for Plaintiff

FOSTER EMPLOYMENT LAW

DATED: September 11, 2015

MICHAEL E. WILBUR
TAMMY A. BROWN
Attorneys for Defendant
LOCKHEED MARTIN COPRPORATION

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

**ORDER**

Pursuant to the foregoing stipulation of the parties and good cause appearing therefore,

**IT IS SO ORDERED.**

Dated:

BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

FOSTERemploymentlaw
3000 Lakeshore Avenue
Oakland, California 94610

3

*TENERELLI V. LOCKHEED MARTIN SPACE SYSTEMS CO., ET AL.*
*STIPULATIN AND [PROPOSED] ORDER TO AMEND ANSWER*

CASE NO. CV 15-00012 BLF