MICHAEL W. FOSTER (State Bar No. 127691)
MICHAEL E. WILBUR (State Bar No. 152361)
TAMMY A. BROWN (State Bar No. 172612)
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile:  (510) 763-5952

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINICK TENERELLI, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LOCKHEED MARTIN SPACE SYSTEMS COMPANY, a Division of Lockheed Martin Corporation, LOCKHEED MARTIN CORPORATION, a Maryland Corporation, and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. CV 15-00012 BLF<br><br>DECLARATION OF MICHAEL WILBUR IN SUPPORT OF DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT A COUNTERCLAIM FOR INJUNCTIVE RELIEF<br><br>Trial Date: April 18, 2016 |

I, Michael E. Wilbur, hereby declare:

1.  I am an attorney with Foster Employment Law, counsel of record for Defendant Lockheed Martin Corporation. I make this declaration on personal knowledge.

2.  Plaintiff filed a Complaint for Damages and Injunctive Relief in Santa Clara County Superior Court on November 26, 2014, alleging that Defendant discriminated against him and harassed him based on his age in violation of the California Fair Employment and Housing Act ("FEHA"), retaliated against him in violation of FEHA, and terminated his employment in violation of public policy. Lockheed Martin filed an answer on or about January 2, 2015, and removed this matter to Federal Court for the Northern District of California

3. On April 7, 2015, the Court set the case schedule in this matter. Pursuant to the case schedule, fact discovery closes on October 2, 2015, the dispositive motion hearing date is November 19, 2015, and trial is set for April 18, 2016.

4. Through discovery conducted to date, Lockheed Martin has become aware that Plaintiff improperly and without authorization appropriated Lockheed Martin's proprietary information for his own use.

5. Since that time I worked diligently to gain access to the data in a form that it could be analyzed to determine its level of sensitivity. Then, upon determining that the data in Plaintiff's possession indeed includes very sensitive Proprietary Information, my office made repeated demands that Plaintiff and his counsel (and anyone else to whom Plaintiff or his counsel have disclosed any of the documents or data that Plaintiff copied without authorization from any Lockheed Martin computer) immediately return all copies of the documents and data to Lockheed Martin, certify that all copies of the documents and data have been returned, and provide Lockheed Martin with other relevant certifications. True and correct copies of correspondence with counsel are attached as Exhibits 2 and 4 to my Declaration In Support of Defendant Lockheed Martin's Motion for Leave to Amend Answer to Assert a Counterclaim for Injunctive Relief.

6. To date, Plaintiff and his counsel have refused to return the documents and data or to provide the requested certifications.

7. Before filing this Application, I sent Plaintiff's counsel a copy of the proposed Counterclaim and requested that they stipulate to allow the filing of the Counterclaim as an amendment of Lockheed Martin's answer. A true and correct copy of my September 11, 2015 letter and the proposed Stipulation and proposed Order are attached as Exhibit 5 to my Declaration In Support of Defendant Lockheed Martin's Motion for Leave to Amend Answer to Assert a Counterclaim for Injunctive Relief.

8. Plaintiff has refused to stipulate to the filing of the Lockheed Martin's Counterclaim.

9. After months of trying to resolve this matter informally, and based on the fast

2

DECLARATION OF MICHAEL E. WILBUR
IN SUPPORT OF LOCKHEED MARTIN'S
MOTION FOR AN ORDER SHORTENING TIME

CASE NO. CV-00012-BLF

approaching case deadlines, Defendant Lockheed Martin will suffer substantial harm by being precluded from pursuing what may be compulsory counterclaims in this action. To avoid prejudice Lockheed Martin has no alternative at this time but to seek an order shortening time to file its Notice of Motion and Motion for Leave to Amend Answer to Assert a Counterclaim for Injunctive Relief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14th day of September, 2015.

/S/

MICHAEL E. WILBUR