UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINICK TENERELLI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOCKHEED MARTIN SPACE SYSTEMS COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00012-BLF<br><br>**ORDER GRANTING DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT A COUNTERCLAIM FOR INJUNCTIVE RELIEF**<br><br>[Re: ECF 23] |

Defendant Lockheed Martin Space Systems Company, a division of Lockheed Martin Corporation ("Lockheed Martin") claims that it learned in a deposition that Plaintiff Dominick Tenerelli copied the contents of a Lockheed Martin computer to an external hard drive. As a result of that testimony, Defendant seeks leave to amend its answer to add counterclaims against Plaintiff alleging breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, misappropriation of trade secrets, and a request for injunctive relief. Plaintiff opposes Defendant's motion because of undue delay, bad faith, and prejudice. Having reviewed the parties' arguments and for the reasons stated below, the Court GRANTS Defendant's motion for leave to amend the answer to assert a counterclaim for injunctive relief.

## I. BACKGROUND

### A. Factual Background

Plaintiff worked for Lockheed Martin as an engineer for over 50 years. Compl. ¶¶ 14, 33. Plaintiff's employment was terminated on March 1, 2013 when Plaintiff was 78 years old. *Id*. at ¶¶ 33-34. According to Plaintiff, from 2003 to 2013, Defendants' employees harassed Plaintiff

about retiring because of his age. *Id*. at ¶ 18. As a result, Plaintiff brought this action alleging that Defendant discriminated against him, harassed him, retaliated against him, and terminated his employment in violation of public policy. *Id*. ¶¶ 36-55.

According to Defendant, discovery taken after the filing of the answer revealed that Plaintiff copied information from a Lockheed Martin computer onto an external hard drive that Plaintiff kept in his possession after his employment was terminated. Wilbur Decl. at ¶ 5, ECF 23-2. On April 13, 2015, Plaintiff's counsel, as part of Plaintiff's initial disclosures, provided Defendant with more than 12 gigabytes of data through the online cloud storage provider Dropbox. Exh. 2 to Def.'s Mot. at 2, ECF 23-3. According to Defendant, it was able to discover that some of the initial disclosures included documents that were copied from its computers without authorization. Wilbur Decl. at ¶ 6, ECF 23-2. On May 4, 2015, Defendant requested that Plaintiff's counsel provide the data on physical media instead of through a cloud storage provider. *Id*. At a deposition on May 12, 2015, when questioned by Defendant, Plaintiff admitted to copying information from a computer at Lockheed Martin. Tenerelli Dep. at 99-100, ECF 23-3. According to Plaintiff, Plaintiff's counsel brought the hard drive containing the copied materials to the deposition of Plaintiff to produce to Defendant but because Defendant never asked for the hard drive at the deposition, the hard drive was never produced to Defendant.[1] Gomerman Decl. ¶ 2, ECF 25-1.

Between May and July, 2015, the parties exchanged several e-mails over the seemingly simple concept of providing Plaintiff's initial disclosures on physical media. *See* Exh. 2 to Def.'s Mot., ECF 23-3 (e-mail thread from May 11, 2015, e-mail from June 24, 2015, e-mail thread from July 1, 2015). According to Defendant, the data was not in a format that was reviewable by Lockheed Martin until mid-July, 2015. Wilbur Decl. at ¶ 6, ECF 23-2. Between August and September, the parties exchanged e-mails and letters regarding what should be done with the data copied by Plaintiff. The parties were unable to reach agreement on the appropriate course of

---

[1] The Court notes that in an e-mail sent on September 4, 2015, Plaintiff's counsel wrote, "I stated unequivocally that you will never get any hardware from us," and in an e-mail sent on September 8, 2015, Plaintiff's counsel wrote, "[W]e do not have hard drives nor ever had hard drives with materials on them." Exs. F and G to Pl.'s Opp., ECF 25-8, 25-9.

2

action, and on September 11, 2015, Defendant unsuccessfully sought a stipulation from Plaintiff allowing the filing of counterclaims related to the copied data. Exh. 5 to Def.'s Mot., ECF 23-3; Exh. H to Pl.'s Opp., ECF 25-10. On September 14, 2015, Defendant filed the instant motion. ECF 23. Under the scheduling order for this case, the fact discovery cutoff is October 2, 2015, the dispositive motions hearing date is November 19, 2015, and the trial is scheduled for April 18, 2016. ECF 16.

### B. Procedural Background

Plaintiff filed the complaint on November 26, 2014 in Santa Clara County Superior Court. ECF 1 at 7. On January 2, 2015, Defendant filed the answer to the complaint and removed the action to this Court based on diversity jurisdiction. *Id*. at 2-3. On September 14, 2015, Defendant filed a motion for leave to amend the answer to assert a counterclaim for injunctive relief and a motion for an order shortening time to hear the motion to amend the answer. ECF 23. On September 15, 2015, the Court granted Defendant's motion for an order shortening time and set a shortened briefing schedule. ECF 24. The Court required Plaintiff to submit any opposition by September 21, 2015 and informed the parties that the matter would be taken under submission after September 21, 2015. *Id*. On September 21, 2015, Plaintiff filed an opposition to Defendant's motion for leave to amend the answer.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once within: (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. FED. R. CIV. P. 15(a). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*. A court "should freely give leave when justice so requires." *Id*. "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

---

[2] In the opposition, Plaintiff argues that Defendant's motion for leave to amend fails to comply with Civil L.R. 6-3. Pl.'s Opp. at 5, ECF 25. However, Civil L.R. 6-3 pertains to motions to enlarge or shorten time. Plaintiff's argument is moot given the Court already granted Defendant's motion for an order shortening time.

1    A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F. 2d 367, 373 (9th Cir. 1990)). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387.

### III. DISCUSSION

Defendant's motion for leave seeks to add counterclaims against Plaintiff that allege a breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, misappropriation of trade secrets, and a request for injunctive relief. Defendant argues judicial economy and fairness dictate that all of Plaintiff's claims and Defendant's proposed counterclaims should be heard in one lawsuit. Defendant also argues that the amendments will not prejudice Plaintiff and that Defendant did not act with bad faith or unduly delay seeking leave to file the amended answer. Plaintiff disagrees, claiming that Defendant unduly delayed in bringing these amendments and that the amendments are both prejudicial and brought in bad faith.

#### A. Prejudice to Plaintiff

Plaintiff argues that Defendant's proposed counterclaims are prejudicial for two reasons. First, Plaintiff argues that because of the timing of this motion, no discovery could be conducted on the potential counterclaims. Second, Plaintiff argues that he would suffer an inordinate increase in costs.

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F2d 183, 187 (9th Cir. 1987). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp.,* 194 F.3d at 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1139 (9th Cir. 1998)). However, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco Thermal Controls LLC v. Redwood Industrials*, No. 06-cv-07164 JF, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14,

4

2009).

Granting Defendant leave to amend the answer to add the proposed counterclaims will not unduly prejudice Plaintiff. Defendant's counterclaims involve the same parties and timeframe as the claims asserted by Plaintiff. With respect to discovery, Plaintiff argues that he would be deprived of the opportunity to conduct discovery on the proposed counterclaims because the fact discovery deadline is October 2, 2015. However, given the claims and issues at stake, it is not entirely clear to the Court that lengthy, if any, discovery is required on the proposed counterclaims, especially in light of Defendant's assertion of affirmative defense number seven regarding after-acquired information. Further, Plaintiff's argument fails to contemplate that the discovery deadline could be extended to allow for discovery on the proposed counterclaims. A final issue that warrants consideration is the non-compulsory nature of Defendant's proposed counterclaims. Defendant could almost surely bring its proposed counterclaims in a separate action. Any separate action could then be related back to this case. Judicial economy and efficiency would favor allowing Defendant leave to add the proposed counterclaims. Plaintiff would only suffer *de minimis* prejudice because Plaintiff would either expend resources to defend against Defendant's proposed counterclaims in this lawsuit or in a separately filed action. It is unlikely that these proposed counterclaims would simply disappear if the Court denied Defendant's motion. Accordingly, Plaintiff has not met his burden of showing prejudice and therefore, this factor weighs in favor of allowing Defendant to amend the answer.

### B. Undue Delay

Plaintiff argues that Defendant has unduly delayed in bringing this motion because Defendant learned of its potential counterclaims in May, 2015 but did not seek leave to amend its answer to add counterclaims until September, 2015.

"[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant."). However, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g, Jackson*, 902 F.2d at

1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079. A moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson*, 902 F.2d at 1388.

Here, Defendant did not unduly delay in seeking its amendments. Contrary to Plaintiff's argument that Defendant failed to explain its delay, the correspondence between the parties indicates that Defendant was not able to fully analyze the copied data until mid-July, 2015. From August, 2015 to early September, 2015, Plaintiff and Defendant were actively engaged in discussions about what should be done with the copied data. When the parties were not able to reach an agreement, Defendant filed this motion on September 14, 2015. Accordingly, the Court finds that Defendant did not unduly delay in bringing this motion because Defendant has sufficiently explained the duration between its learning of the potential counterclaims and its seeking leave to amend.

### C. Bad Faith

Plaintiff argues that Defendant acted in bad faith by delaying this motion, misleading the Court, and leaving Plaintiff with no options other than to comply with Defendant's request and destroy relevant evidence or face defending the proposed counterclaims without discovery.

The Court does not find Defendant acted in bad faith. As explained in the Court's discussion of the undue delay factor, Defendant has explained the delay in bringing this motion. Defendant also does not appear to have misled the Court about the dispute over the copied materials. Based on the briefing and exhibits, this appears to be a situation where the parties simply could not reach an agreement as to the proper action to take regarding the copied materials. As for Plaintiff's contention that Defendant was forcing him to destroy relevant evidence, as Plaintiff indicates this could be a discovery issue. However, the discovery issue does not obviate Defendant's potential counterclaims based on the copied data. Finally, with respect to discovery, as the Court explained in its discussion of the prejudice factor, the discovery deadline could be extended to allow for discovery. Accordingly, the Court finds this factor weighs in favor of Defendant.

### D. Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim . . . ." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). The standard to be applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Id.*

Defendant's proposed amendments do not appear futile or legally insufficient. In fact, based upon the evidence submitted, the claims appear to be sound and strong and Plaintiff does not argue otherwise. Therefore, this factor would not prohibit Defendant's proposed amendments.

### E. Previous Amendments

Courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted. *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)). In *Chodos*, the Ninth Circuit affirmed the district court's denial of leave to amend when the party knew of the factual basis for the amendment prior to a previous amendment. 292 F.3d at 1003. Further, a party that contends it learned "new" facts to support a claim should not assert a claim that it could have pleaded in previous pleadings. *Edwards Lifesciences LLC v. Cook Inc.*, 2008 WL 913328, at *3 (N.D. Cal. Apr. 2, 2008) (citing *Chodos*, 292 F.3d at 1003).

Since this motion is the first time Defendant has sought leave to amend in this case, this factor weighs in favor of Defendant.

### F. Balancing the Five Factors

In this case, all five factors that a court should consider in determining whether to grant leave to amend weigh in favor of granting Defendant's motion for leave to amend the answer to assert a counterclaim for injunctive relief.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court GRANTS Defendant's motion for leave to amend the answer to

assert a counterclaim for injunctive relief.  The amended answer shall be filed within 5 days.

2. The Court EXTENDS the fact discovery cutoff to October 21, 2015.  Any discovery that takes places after the prior fact discovery cutoff of October 2, 2015 can only relate to the newly added counterclaims.

3. The Court SETS a case management conference for October 21, 2015 at 11:00 a.m to discuss whether discovery should be extended and to set a trial date.  The parties shall file a joint case management statement no later than seven days prior to the case management conference that discusses whether any modifications of the case schedule are needed and if so, proposing a new case schedule.

**IT IS SO ORDERED.**

Dated: September 24, 2015

_____
BETH LABSON FREEMAN
United States District Judge