Domenick Tenerelli
16542 Mira Bella Place
Morgan Hill, CA 95037
Pro Se Plaintiff



**FILED**

FEB 04 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMENICK TENERELLI,<br><br>    Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN SPACE SYSTEMS COMPANY ET AL.,<br><br>    Defendant. | Case No. 15-cv-00012-BLF<br><br>**MOTION TO CHANGE TIME AND GRANT LEAVE TO FILE LATE ANSWER TO DEFENDANT'S COUNTERCLAIM, CIVIL L.R. 6-3.** |

In this employment dispute, Plaintiff Domenick Tenerelli alleges that Defendants Lockheed Martin Space Systems Company and Lockheed Martin Corporation, discriminated against him, retaliated against him, and terminated his employment in violation of public policy. Plaintiff filed his lawsuit in Santa Clara Superior Court on November 26, 2015 and Defendants removed the case to federal court in January 2015. Dkt No. 1. Between January 2015 and October 2015, Plaintiff was represented by the Law Office of Tanya Gomerman.

On September 14, 2015, Defendant, Lockheed Martin Corporation and Lockheed Martin Space Company filed a Motion for Leave to Amend its' Answer and requested that the Court

1

shorten time to hear the motion. Dkt. 23. The Court granted the request to shorten time and on September 24, 2015, the Court issued an "Order Granting Defendant Lockheed Martin Corporation's Motion For Leave to Amend Answer To Assert Counterclaim." Dkt. 24, 26. Defendant Lockheed Martin filed a Counterclaim the next day. Dkt. 27. Defendant filed its Motion for Summary Judgment on October 15, 2015. Dkt. 32. On October 21, 2015, the parties appeared before the Court for an Initial Case Management Conference and a hearing on Counsel for Plaintiff's Motion to Withdraw. Dkt. 42. The Court granted the Motion to Withdraw at the hearing and stayed the case until December 3, 2015 to allow Plaintiff time to find new counsel. On December 7, 2015, the Court issued an "Order Lifting Stay and Setting Schedule" that established January 11, 2016 as the deadline for Plaintiff to file an Answer to Defendants' Counterclaim. Dkt. 51.

Plaintiff regrets that due to excusable neglect he did not file an Answer to the Counterclaim on January 11, 2016. Recognizing the error, Plaintiff now moves the Court to Change Time and grant leave to file his late Answer under Civil L. R. 6. Plaintiff has complied with Civil L.R. 6-3 by meeting and conferring with Defendant to request that Defendant stipulate to Plaintiff's filing of a later Answer. *See* Declaration of Domenick Tenerelli ¶¶ 3-7.

## ARGUMENT

Rule 6(b)(1)(B) permits the Court to extend a deadline if the requesting party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Court can also be guided by Rule 60(b) to determine whether the untimely answer should be accepted because the filing of a late answer is analogous to a motion to vacate a default. *See McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002) ("[T]he filing of a late answer is analogous to a motion to vacate a default because the party filing the last answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had moved

under Rule 55(a) to set it aside." (internal quotations omitted)). Rule 60(b)(1) allows the Court to set aside a judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Under Rule 55(c), the court may, "for good cause shown," set aside an entry of default. Fed. R. Civ. P. 55(c). "Good cause" is a liberal and mutable standard. Because defaults are generally disfavored, courts resolve such motions so as to encourage a decision on the merits. *See TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001). Consistent with that principle, a court may consider numerous factors in deciding whether to exercise its discretion to enter a default, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The standard for excusable neglect does not require a party to be faultless; a party's excusable neglect may in fact be caused by the party's own carelessness. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L. Ed. 2d 74 (1993) (observing that a party's neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness").

The Lockheed Defendants will not be prejudiced by the filing of a late Answer. To the contrary, Defendant will be put on notice of which factual allegations Plaintiff Tenerelli admits or denies, or lacks information to admit or deny, as well as Plaintiff Tenerelli's affirmative defenses, all of which could impact the pending Motion for Summary Judgment. Moreover, the Lockheed Defendants have only obtained a Clerk Entry of Default, and have not yet proved their claim in a

manner that entitles them to a Judgment. Dkt. 63.

Plaintiff Tenerelli's failure to file a late Answer is due to excusable neglect. *See* Declaration of Domenick Tenerelli ¶8. Plaintiff is cognizant of his obligation to comply with the Federal Rules of Civil Procedure that govern this litigation and he will take affirmative steps to ensure that he misses no future court deadlines.

The lack of prejudice to the Lockheed Defendants, Plaintiff Tenerelli's excusable neglect, and the judicial policy favoring a decision on the merits all weigh in favor of the Court granting Plaintiff's Motion and accepting his late filed Answer.

Respectfully submitted,

Dated: Feb 4, 2016            Signature: *Domenick Tenerelli*

                              Print Name: Domenick Tenerelli